UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARCUS T. BARTOLE,

    Plaintiff,

    v.                           CAUSE NO. 2:23CV7-PPS/JPK

TIPPECANOE COUNTY, et al.,

    Defendants.

## OPINION AND ORDER

Marcus T. Bartole, a prisoner without a lawyer, filed a motion to reconsider the order directing him to file an amended complaint using this court's form and to refrain from quoting legal authority and making legal arguments. ECF 5. His preference is that I review the legal arguments in the complaint because he has spent significant time crafting and researching them. While understandable, complaints are not the appropriate forum for legal arguments. *See* Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief."). And the local rules authorize the court to require that pro se litigants use court forms. N.D. Ind. L.R. 7-6. Consequently, I deny the motion to reconsider.

Notwithstanding his objection to the order directing him to file an amended complaint, Bartole attached an amended complaint using the court's form to his motion to reconsider. ECF 5 at 4-17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Bartole seeks to proceed on behalf of himself and a class of unnamed inmates to obtain injunctive relief. Though Bartole asserts numerous constitutional theories, the amended complaint focuses on two major concerns: (1) an unconstitutional bail system maintained by the Tippecanoe Superior Court; and (2) unconstitutional conditions of confinement at the Tippecanoe County Jail.

Bartole won't be permitted to bring suit on behalf of other inmates as part of a class action lawsuit or otherwise. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"); *see also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (person not licensed to practice law may not represent another individual in federal court); *Jones v. Griggs*, 612 Fed. Appx. 395, 396 (7th Cir. 2015) (even an individual with a "substantial relationship" to a plaintiff cannot represent her when "he is not a lawyer"). And, to the extent he is seeking to certify a class, I will deny that request for substantially the same reason. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (finding, generally, that it is "not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative"); *Goodvine v. Meisner*, 608 Fed. Appx. 415, 417 (7th Cir. 2015) (holding the district court's reasons for denying class certification—that the plaintiffs "could not fairly represent the class interests because they were *pro se*" and,

2

thus, were not "adequate representatives"—were "sound reasons"); *see also* Fed. R. Civ. P. 23(a)(4) (noting that a prerequisite for bringing suit on behalf of all members of a class is that "the representative parties will fairly and adequately protect the interests of the class"). Accordingly, this lawsuit will not proceed as a class action.

In anticipation of this ruling, Bartole also filed a motion for recruitment of counsel for assistance with litigating this case as a class action. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. In addition, courts may consider "the strength or weakness of the underlying claims." *Watts v. Kidman*, 42 F.4th 755, 758 (7th Cir. 2022). Because "pro bono lawyers are not a limitless resource," district courts may consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Id.* at 758, 764.

Here, Bartole has not shown that he has made any attempt at obtaining counsel on his own. Further, as I discuss below, Bartole's efforts to challenge the bail system in this case are futile. Additionally, while I decline to engage in a full-scale class certification analysis, the amended complaint offers no suggestion that any other inmate

3

at the Tippecanoe County Jail suffered the unconstitutional conditions of confinement alleged by Bartole. *See* Fed. R. Civ. P. 23(a)(3) (requiring that the claims of representative parties be typical of the claims of the class). Because Bartole has not attempted to obtain counsel on his own and because it appears that a class action would be futile, I deny the motion for counsel.

Next, I consider whether Bartole has properly pled a claim for injunctive relief with respect to the bail system. "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010).

Notably, Bartole has at least two other legal avenues to obtain relief in connection with bail. First, he can appeal the denial of a motion to reduce bail to the Indiana Court of Appeals. *See Sneed v. State*, 946 N.E.2d 1255, 1256 n.1 (Ind. Ct. App. 2011) ("[T]he denial of a motion to reduce bail is a final judgment appealable as of right."). Second, he can challenge his bail determination in a federal habeas proceeding.[1] *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate

---

[1] Indeed, Bartole did just that in *Bartole v. Sheriff*, 2:22-CV-319 (N.D. Ind. filed Oct. 31, 2022). On November 7, 2022, I dismissed the habeas petition because Bartole had not exhausted his State court remedies by properly raising the issue at the trial court level and by pursuing an appeal in State court. Bartole's habeas case remains pending on appeal with the Seventh Circuit under Case No. 22-3177.

4

vehicle for a state pre-trial detainee to challenge his detention is § 2241."). Because Bartole has adequate legal remedies, he cannot proceed on a claim for injunctive relief in connection with bail. *See Scruggs v. Moellering*, 870 F.2d 376, 378 (7th Cir. 1989), abrogated on other grounds by *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993) ("[T]he state court in his post-conviction proceeding, or if need be a federal district court in a habeas corpus proceeding following the exhaustion of his state remedies, has all the power needful to rectify what would indeed be a shocking miscarriage of justice. One who has an adequate remedy at law cannot get an injunction.").

Bartole also filed a motion for a temporary restraining order and a preliminary injunction to cease the allegedly unconstitutional bail practices. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The standards for granting a temporary restraining order and a preliminary injunction are the same." *Cassell v. Snyders*, 458 F. Supp. 3d 981, 990 (N.D. Ill. 2020). As discussed above, Bartole cannot prevail on his claim for injunctive relief because he has an adequate legal remedy to challenge his bail determination. Consequently, Bartole cannot demonstrate a reasonable likelihood of success on the

5

merits of the bail claim, and I deny the motion for a temporary restraining order and a preliminary injunction.

Finally, Bartole seeks injunctive relief for the alleged constitutional harms he has suffered at the Tippecanoe County Jail. ECF 5 at 14-15. These harms include an insufficiently nutritious diet and unsanitary and inhumane cell conditions, including an insufficiently thick mattress, mold on the walls, poor ventilation, and unsanitary water. Because Bartole is a pretrial detainee, I must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

Bartole also seeks injunctive relief to prevent First Amendment retaliation. He alleges that jail officials are retaliating against him for filing this lawsuit by falsely accusing him of a disciplinary offense and depriving him of access to his legal materials. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections

6

system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Based on the allegations in the amended complaint, Bartole states plausible claims for injunctive relief under the First and Fourteenth Amendments.

Nevertheless, I have limited authority to order injunctive relief in prisoner cases. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Bartole may proceed on his claims, but injunctive relief, if granted will be limited to requiring jail officials to provide sanitary and humane cell conditions and nutrition as required by the Fourteenth Amendment and that they refrain from retaliating against Bartole for protected First Amendment activity. Sheriff Goldsmith has both the authority and the responsibility to ensure that Bartole receives the relief to which he is entitled under the First and Fourteenth Amendments. Therefore, he may

7

proceed on injunctive relief claims only against Sheriff Goldwater in his official capacity.

ACCORDINGLY, the court:

(1) DENIES the motion to reconsider (ECF 5);

(2) DIRECTS the clerk to docket pages 4 through 17 of ECF 5 as an Amended Complaint;

(3) DENIES the motion to appoint counsel (ECF 3);

(4) DENIES the motion for a preliminary injunction (ECF 6);

(5) DENIES as MOOT the motion to extend (ECF 8);

(6) GRANTS Marcus T. Bartole leave to proceed on an injunctive relief claim against Sheriff Bob Goldsmith in his official capacity to obtain the cell conditions and diet to which he is entitled under the Fourteenth Amendment;

(7) GRANTS Marcus T. Bartole leave to proceed on an injunctive relief claim against Sheriff Bob Goldsmith in his official capacity to prevent retaliation by jail staff in violation of his First Amendment rights;

(8) DISMISSES Tippecanoe County, Sarah Wyatt, Karey Morgan, Julie Roush, and Director of the Indiana Administration Office of the Court;

(9) DISMISSES all other claims;

(10) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff Bob Goldsmith at the Tippecanoe County Jail, and provide him with a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d); and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff Bob Goldsmith to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Marcus T. Bartole has been granted leave to proceed in this screening order.

SO ORDERED on March 2, 2023.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

9